IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BEN CHANEK                                                    PLAINTIFF

V.                                          CAUSE NO. 1:10CV455-LG-RHW

CITY OF BILOXI                                               DEFENDANT

CONSOLIDATED WITH

BEN CHANEK                                                    PLAINTIFF

V.                                          CAUSE NO. 1:12CV212-LG-RHW

CITY OF BILOXI and CITY OF BILOXI
BOARD OF ZONING ADJUSTMENTS                                  DEFENDANTS

ORDER GRANTING MOTION TO DISMISS CITY OF BILOXI
BOARD OF ZONING ADJUSTMENTS

BEFORE THE COURT is the Motion [6] to Dismiss City of Biloxi Board of

Zoning Adjustments filed by Defendant City of Biloxi pursuant to Federal Rules of

Civil Procedure 12(b)(5) and 12(b)(6).  Plaintiff Ben Chanek has filed a response

opposing the Motion, and the City has filed a reply.  Chanek has filed an unopposed

motion for leave to file a surreply.  The Court, having considered the parties'

submissions and the relevant law, finds that the Motion to Dismiss should be

granted because Chanek failed to comply with the filing deadline set forth in Miss.

Code Ann. § 11-51-75.

BACKGROUND

Plaintiff Chanek filed this lawsuit against the City of Biloxi ("City") and the

City of Biloxi Board of Zoning Adjustments ("Board"), alleging that the City and the Board have unconstitutionally prevented him from establishing and operating his business. Chanek has attempted, for several years now, to open and operate an adult-oriented business in the City of Biloxi. He applied for a Certificate of Occupancy, which was denied by the Biloxi Community Development Director. According to the parties' submissions, on June 21, 2012, the Board of Zoning Adjustments affirmed the decision to deny the Certificate of Occupancy. Chanek then filed a complaint in this Court, seeking a reversal of the Board's decision. Chanek also brings claims against the City, alleging that its Land Development Ordinance violates the United States and Mississippi Constitutions. Chanek seeks relief in the form of a declaratory judgment as well as costs and attorney's fees.

## DISCUSSION

The issue before the Court is whether Chanek timely perfected his right to appeal the decision of the Board. Chanek maintains that his claim against the Board, set forth in Count II of his complaint, "is an on-the-record review of the Board's action through the mechanism of a Bill of Exceptions." (Pl.'s Resp. 1, ECF No. 10). Chanek asserts that he appeals the decision of the Board pursuant to Miss. Code Ann. § 11-51-75. While that statute vests jurisdiction of such an appeal in the Harrison County Circuit Court, Chanek argues that this Court may exercise supplemental jurisdiction over the appeal pursuant to 28 U.S.C. § 1367.

The City submits that Chanek failed to timely perfect his appeal pursuant to Miss. Code Ann. § 11-51-75. Therefore, it argues, his claims against the Board

should be dismissed.  The City also argues that Chanek has not demonstrated that

this Court has subject matter jurisdiction over Chanek's appeal under Miss. Code

Ann. § 11-51-75. (Def.'s Rebuttal 4 n.3, ECF No. 59).[1]

This Court may exercise supplemental jurisdiction over Chanek's appeal from

the Board's decision, if that appeal was timely filed.  *See Nottingham Constr. Co.,*

*L.L.C. v. City of Waveland, Miss.*, No. 1:11cv1151-LG-RHW, 2008 WL 611652 at *2

(S.D. Miss. Mar. 5, 2008) (citing *Akin v. La. Nat'l Bank*, 322 F.2d 749, 754 (5th Cir.

1963)). *See also Vreeland v. Ethan Allen, Inc.*, 828 F. Supp. 14, 15 (S.D.N.Y. 1993)

("State statutes may not defeat the jurisdiction of the federal courts, whether that

jurisdiction is conferred by the diversity of the citizenship of the parties, as in most

of the decided cases to consider this question, or by federal statute[.]"); *Grand River*

*Enter. Six Nations v. Beebe*, 05-5051, 2006 WL 2942928 at *2 (W.D. Ark. Oct. 10,

2006) *aff'd sub nom. Grand River Enter. Six Nations, Ltd. v. Beebe*, 467 F.3d 698

(8th Cir. 2006) (applying the reasoning in *Akin* to pendent jurisdiction).

The Court then turns to the issue of whether Chanek's appeal was timely

filed pursuant to Miss. Code Ann. § 11-51-75, and finds that it was not.  The statute

provides, in pertinent part:

---

[1] In its Motion to Dismiss, the City also argues that the Board has no legal
existence separate from the City, and may not be sued apart from the City, and
therefore the complaint fails to state a claim against the Board.  In the alternative,
the City argues that Chanek has not properly served the Board with process in
accordance with Federal Rule of Civil Procedure 4, and that the Board should be
dismissed on that basis.  Given the Court's finding that Chanek's appeal was not
timely filed pursuant to Miss. Code Ann. § 11-51-75, the Court need not address
these arguments.

> Any person aggrieved by a judgment or decision of the
> board of supervisors, or municipal authorities of a city . . .
> may appeal within ten (10) days from the date of
> adjournment at which session the board of supervisors or
> municipal authorities rendered such judgment or
> decision[.]

Miss. Code. Ann. § 11-51-75. The parties are in agreement that the ten-day period

following the Board's adjournment, and the filing deadline under Miss. Code Ann. §

11-51-75, concluded on July 2, 2012.[2] Chanek argues that his appeal was timely

perfected because he filed a Notice of Appeal with the Clerk of the City of Biloxi

Board of Zoning Adjustments on July 2, 2012. The City argues that providing the

notice of appeal to the Clerk of the Board within the ten-day period was not

sufficient to perfect the appeal. The City submits that the notice of appeal was

never filed with the Circuit Court, and the complaint containing the Bill of

Exceptions was not filed in this Court until July 3, 2012, after the deadline had

passed.

The Mississippi appellate courts have made clear that the ten-day time limit

under Miss. Code Ann. § 11-51-75 is "both mandatory and jurisdictional." *Foster v.

Edwards*, 61 So. 3d 960, 963 (Miss. Ct. App. 2011) (citing *Ball v. Mayor and Bd. of

Aldermen of City of Natchez*, 983 So.2d 295, 299 (¶ 8) (Miss. 2008); *Newell v. Jones

Cnty.*, 731 So.2d 580, 582 (¶ 10) (Miss. 1999)). Where an appeal is not perfected

within that time limit, the appellate court has no jurisdiction over the appeal, and

---

[2] The parties submit that the ten-day period ended on July 1, 2012, a Sunday, and the next business day was Monday, July 2, 2012.

"the untimely action should be dismissed." *Id.* (citing *Newell*, 731 So.2d at 582 (¶

10); *Moore v. Sanders*, 569 So.2d 1148, 1150 (Miss. 1990)).

In *Tilghman v. City of Louisville*, 874 So. 2d 1025 (Miss. Ct. App. 2004), the

Mississippi Court of Appeals held that an appeal of a zoning decision by the City of

Louisville was not timely perfected where plaintiffs "gave notice to the city clerk of

their intention to appeal" within the ten-day time limit, but did not file their notice

of appeal with the circuit clerk until after the ten days had passed. The Court of

Appeals found, therefore, that the Circuit Court did not have jurisdiction to consider

the appeal. *Tilghman*, 874 So. 2d at 1026 (citing *House v. Honea*, 799 So.2d 882,

883 (¶ 9) (Miss. 2001)). *See also Claiborne Cnty. v. Parker*, 26 So. 3d 1078, 1080

(Miss. Ct. App. 2009) (dismissing appeal for lack of jurisdiction where notice of

appeal was filed within ten-day time period, but the appeal was filed after the ten

day time period).

Similarly, Chanek did not file his appeal, via the Bill of Exceptions contained

in his complaint, until after the statutory ten-day period had passed. This Court

therefore lacks jurisdiction over his appeal, and Chanek's claims against the Board

of Zoning Adjustments should be dismissed. Chanek's claims may proceed against

the City of Biloxi. The Court also notes that, regardless of the Board's presence as a

party to this action, Chanek is entitled to *de novo* review of the City's alleged

infringement of his speech rights. *See Freelance Entm't, L.L.C. v. Sanders*, 280 F.

Supp. 2d 533, 544 (N.D. Miss. 2003).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants'

Motion to Dismiss City of Biloxi Board of Zoning Adjustments [6] is **GRANTED**.

Plaintiff's claims against the Defendant City of Biloxi Board of Zoning Adjustments

are **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Chanek's

Motion [60] for Leave to File Sur-Response is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED** this the 18th day of March, 2013.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE